## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| FERNANDO MARTINEZ, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>XSOLIS, INC.,<br><br>     Defendant. | Case No. 3:26-CV-00791<br><br>District Judge Richardson<br>Magistrate Judge Frensley<br><br>JURY DEMANDED<br><br>CLASS ACTION |
| DEBORAH TODD, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>XSOLIS, INC.,<br><br>     Defendant. | Case No. 3:26-CV-00800<br><br>District Judge Richardson<br>Magistrate Judge Evans<br><br>JURY DEMANDED<br><br>CLASS ACTION |
| MARCUS OWENS, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>XSOLIS, INC.,<br><br>     Defendant. | Case No. 3:26-CV-00805<br><br>District Judge Richardson<br>Magistrate Judge Evans<br><br>JURY DEMANDED<br><br>CLASS ACTION |

1

| | |
|---|---|
| EUGENE CHU, JEFFREY MCGRATH and ADAM NICHOLSON, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>XSOLIS, INC.,<br><br>     Defendant. | Case No. 3:26-CV-00810<br><br>District Judge Richardson<br>Magistrate Judge Frensley<br><br>JURY DEMANDED<br><br>CLASS ACTION |
| DAYNIQUE JOHNSON, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>XSOLIS, INC.,<br><br>     Defendant. | Case No. 3:26-CV-00815<br><br>District Judge Richardson<br>Magistrate Judge Frensley<br><br>JURY DEMANDED<br><br>CLASS ACTION |
| LYRIS SPENCER-HARRIS, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>XSOLIS, INC.,<br><br>     Defendant. | Case No. 3:26-CV-00817<br><br>District Judge Richardson<br>Magistrate Judge Frensley<br><br>JURY DEMANDED<br><br>CLASS ACTION |

2

| | |
|---|---|
| WENDY DION, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>XSOLIS, INC.,<br><br>  Defendant. | Case No. 3:26-CV-00827<br><br>District Judge Richardson<br>Magistrate Judge Frensley<br><br>JURY DEMANDED<br><br>CLASS ACTION |
| GREGORY MITCHELL, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>XSOLIS, INC.,<br><br>  Defendant. | Case No. 3:26-CV-00830<br><br>District Judge Richardson<br>Magistrate Judge Frensley<br><br>JURY DEMANDED<br><br>CLASS ACTION |
| JUELLS MCLEOD, individually, and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>XSOLIS, INC.,<br><br>  Defendant. | Case No. 3:26-CV-833<br><br>District Judge Richardson<br>Magistrate Judge Frensley<br><br>JURY DEMANDED<br><br>CLASS ACTION |

3

| | |
|---|---|
| ROSCOE SHOREY, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>XSOLIS, INC.,<br><br>      Defendant. | Case No. 3:26-CV-00834<br><br>District Judge Richardson<br>Magistrate Judge Frensley<br><br>JURY DEMANDED<br><br>CLASS ACTION |
| HOLLY MATHEWS, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>XSOLIS, INC.,<br><br>      Defendant. | Case No. 3:26-CV-00839<br><br>District Judge Richardson<br>Magistrate Judge Frensley<br><br>JURY DEMANDED<br><br>CLASS ACTION |

## PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE AND APPOINT INTERIM CO-LEAD COUNSEL AND MEMORANDUM OF LAW IN SUPPORT

Plaintiffs in the thirteen related cases, *Martinez v. XSOLIS, Inc.*, No. 3:26-cv-000791 ("*Martinez*"), *Todd v. XSOLIS, Inc.*, No. 3:26-cv-000800 ("*Todd*"), *Owens v. XSOLIS, Inc.*, No. 3:26-cv-000805 ("*Owens*"), *Chu et al. v. XSOLIS, Inc.*, No. 3:26-cv-000810 ("*Chu*"), *Johnson v. XSOLIS, Inc.*, No. 3:26-cv-000815 ("*Johnson*"), *Spencer-Harris v. XSOLIS, Inc.*, No. 3:26-cv-000817 ("*Spencer-Harris*"), *Dion v. XSOLIS, Inc.*, No. 3:26-cv-000827 ("*Dion*"), *Mitchell v. XSOLIS, Inc.*, No. 3:26-cv-000830 ("*Mitchell*"), *McLeod v. XSOLIS, Inc.*, No. 3:26-cv-833 ("*McLeod*"), *Shorey v. XSOLIS, Inc.*, No. 3:26-cv-00834 ("*Shorey*"), and *Mathews v. XSOLIS, Inc.*, No. 3:26-cv-00839 ("*Mathews*") (collectively, the "Related Actions") by and through the undersigned counsel, respectfully move the Court for an Order consolidating the above-captioned

matters and appointing J. Gerard Stranch, IV, of Stranch, Jennings & Garvey, PLLC, Mariya Weekes of Milberg, PLLC, and Jeff Ostrow of Kopelowitz Ostrow P.A. as interim co-lead counsel ("Proposed Interim Co-Lead Counsel"). Plaintiffs further request that the Court stay the Related Actions, including any of the Defendant's responsive pleading deadlines, and require the filing of a consolidated class action complaint ("Consolidated Complaint") within 45 days of entry of an order consolidating the cases and appointing leadership. For the reasons set forth below, Plaintiffs' Motion to Consolidate Cases and Appoint Class Counsel should be granted. A proposed Order is respectfully tendered herewith. Defendant Xsolis, Inc. ("Defendant") does not oppose this motion.

## I.      INTRODUCTION

*Martinez*, (filed June 10, 2026), *Todd* (filed June 11, 2026)*, Owens* (filed June 12, 2026)*, Chu* (filed June 12, 2026), *Johnson* (filed on June 15, 2026), *Spencer-Harris* (filed on June 15, 2026), *Dion* (filed on June 16, 2026*), Mitchell* (filed on June 17, 2026)*, McLeod* (filed on June 18, 2026), *Shorey* (filed on June 18, 2026) and *Mathews* (filed on June 22, 2026) are eleven related class actions involving common questions of law or fact and asserting overlapping claims on behalf of overlapping putative classes, pending in the United States District Court for the Middle District of Tennessee, against Defendant.

This litigation arises from a data security incident on Defendant's systems and its alleged failure to implement reasonable cybersecurity safeguards, which Plaintiffs allege resulted in the unauthorized disclosure of their protected health information ("PHI") and personally identifiable information ("PII") to cybercriminals bent on identity theft and fraud (the "Data Breach"). To remedy the harms allegedly caused by the Data Breach, Plaintiff Fernando Martinez filed a putative class action on June 10, 2026. No. 3:26-cv-00791 (M.D. Tenn.). Alleging the same failures, the other named Plaintiffs, filed subsequent class action complaints.

5

The thirteen cases present the same questions of fact and law. In *Martinez*, Plaintiff alleges that Defendant on January 20, 2026, criminal hackers accessed Defendant's network system and stole Plaintiff's and Class Members' PII and PHI including their names, addresses, dates of birth, Social Security numbers, health insurance information and medical treatment information. *Martinez*, Compl. ¶ 2. Plaintiff Mitchell, for example, alleges the same but adds that the unauthorized activity was the result of a phishing attack." *Mitchell*, Compl. ¶ 6.

The causes of action presented are also similar. Through their respective class actions, Plaintiffs allege a combination of the following causes of action: Gross Negligence and Negligence *Per Se*, Breach of Third-Party Beneficiary Contract, Breach of Implied Contract, Unjust Enrichment, Breach of Fiduciary Duty, Breach of Confidence, Invasion of Privacy/Intrusion Upon Seclusion. Though the complaints may vary by a few different claims, they all seek the same result—to redress Plaintiffs' alleged harms caused by the Incident. Thus, to promote the efficient resolution of all matters, Plaintiffs request consolidation of the thirteen matters into the first-filed matter. As of the date of this filing, Plaintiffs are unaware of any other class actions that have been filed related to the Incident. Plaintiffs further request that J. Gerard Stranch, IV, Jeff Ostrow and Mariya Weekes be appointed interim co-lead counsel.

## II. ARGUMENT

### A. The Court Should Consolidate the Related Actions.

The Court should consolidate the Related Actions because they present the same questions of law and fact. Rule 42(a) of the Federal Rules of Civil Procedure provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "Whether cases involving common factual and

6

legal issues should be consolidated for trial is a matter within the discretion of the trial court." *Hiley v. CorrectCare Integrated Health, Inc.*, 2023 WL 2167376, at *2 (E.D. Ky. Feb. 22, 2023). If the court determines that common questions of law or fact exist, the court must also consider (1) whether any prejudice or confusion are outweighed by risks of inconsistent determinations of those common questions; (2) the burdens that litigating multiple cases may place on litigants, witnesses, and the judicial system, including the time required to resolve multiple suits; and (3) the expense to all parties of litigating a single action versus multiple disparate cases. *Id.*

Here, common questions of law and fact predominate over the thirteen cases. Indeed, the thirteen cases are virtually identical in that they challenge the same alleged conduct and failures by Defendants, and they concern the same underlying data security incident. Indeed, the only difference in these cases is that the complaints identify some different claims. Nevertheless, these claims are not inconsistent and can be combined into a consolidated class action complaint. Moreover, as is evidenced by Defendant's consent to consolidation and Plaintiffs' counsel's agreement, consolidation will provide no prejudice to any party. Further, any prejudice is nevertheless minimal given that all cases remain in the early stages of litigation, with all complaints being filed in between June 10, 2026 and June 22, 2026. Moreover, given that all Parties consent to, or prefer, consolidation, there is no need to incur the added expense of duplicate discovery and motion practice, which would only serve to waste time, monetary resources, and judicial resources without adding any benefit to the proposed class. Lastly, if all cases proceed to a trial, the Parties risk disparate factual findings of the same questions and potentially inconsistent liability rulings.

For these reasons, consolidation of these thirteen cases into the first-filed action is the superior option for ensuring consistent rulings and findings of fact while ensuring the most efficient resolution. The Court should grant Plaintiffs' motion and consolidate these actions.

**B. The Court Should Appoint Interim Co-Lead Counsel.**

The Court has inherent authority and procedural authority to choose an interim lead counsel, and the ultimate choice lies within the Court's discretion. *In re Wendy's Co. Shareholder Derivative Action*, 44 F.4th 527, 532 (6th Cir. 2022); Fed. R. Civ. P. 23(g)(3) ("The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."). "Designation of a []leadership structure eliminates uncertainty regarding who will be primarily responsible for leading the consolidated action." *Hiley*, 2023 WL 2167376, at *2. In class action, the "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.* (quoting MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.11 (2022)).

In exercising that authority, "the district court should select the counsel who will best honor the interests of the plaintiffs litigating on behalf of the [class]." *In re Wendy's*, 44 F.4th at 533. In determining whether the proposed counsel will properly serve the class, the court should consider "counsel's qualifications and experience, counsel's ability to work cooperatively with opposing counsel and the court, the nature of the causes of action alleged, the quality of the pleadings, and any prior agreements among the parties." *Id.* Moreover, in determining the appropriate counsel to lead the class, district courts "customarily assess applicants under the rubrics for appointment of permanent class counsel" as provided for in Rule 23(g)(1)(A). *In re BGH Data Security Litig.*, 2023 WL 10554429, at *1 (E.D. Ky. Mar. 17, 2023). Those metrics likewise analyze proposed counsel's experience in similar class actions, counsel's knowledge of the relevant law, any investigations performed regarding the claims presented, and the resources that counsel will bring to bear on the case. Fed. R. Civ. P. 23(g)(1)(A).

### 1. Proposed Interim Co-Lead Counsel Has Thoroughly Investigated the Claims and Defenses Presented Here and is Committed to Continuing Those Efforts.

Plaintiffs' counsel, including Mr. Stranch, Mr. Ostrow, Ms. Weekes and their firms, have thoroughly investigated this action and the relevant case law that establishes the basis for Defendants' liability. These tasks included case law and statutory research, review of all information in the public domain regarding the Incident, communications and interviews with prospective class representatives, and a review of any and all available information stating or implying Defendants' alleged failures in this matter. *Id*. The investigation and determinations have been informed by the various attorneys' experience and knowledge of these types of cases. Proposed Interim Co-Lead Counsel also worked with all filed cases to try and reach consensus on consolidation and leadership. Though all Plaintiffs' counsel have diligently investigated and researched this matter, they have agreed that Mr. Stranch, Mr. Ostrow and Ms. Weekes should be named interim co-lead counsel.

### 2. Proposed Interim Co-Lead Counsel Has a Wealth of Knowledge and Experience in Similar Consumer Class Actions.

*J. Gerard Stranch, IV, of Stranch, Jennings & Garvey, PLLC*

J. Gerard Stranch, IV is a third-generation trial lawyer with deep and broad experience representing consumers against some of the largest and most well-resourced companies in the country. He is the Managing Partner of Stranch, Jennings & Garvey, PLLC ("SJG")—the largest and most successful Tennessee-based class action firm. Mr. Stranch has significant experience litigating consumer class actions, including data breach class actions, and often serves in leadership roles.[1]

---

[1] In addition to his experience in data breach litigation, Mr. Stranch has significant class action experience in other topic areas. He was the lead trial attorney for the Staubus opioids case, on behalf of nine East

Indeed, Mr. Stranch has significant knowledge of the claims and defenses brought in data breach and other privacy class actions specifically because he has litigated these matters in courts across the country. For example, Mr. Stranch served as co-lead in *In re CorrectCare Data Breach Litig.*, No. 5:22-cv-319 (E.D. Ky.), negotiating a 6.49-million-dollar settlement. *In Doe v. SSM & Navvis*, No. 2422-CC-00208 (Mo. Cir. Ct.) (final approval pending), the firm represented the class as class counsel, resulting in a $6.5 million settlement. In *Owens v. MGM Resorts International*, No. 2:23-cv-01480 (D. Nev.), Mr. Stranch was appointed as co-lead class counsel to represent a class of customers affected by a 2023 data breach. Along with co-counsel, Mr. Stranch negotiated a $45 million settlement as part of an agreement to resolve claims arising under both of MGM's 2019 and 2023 data breaches. *In re Evolve Bank & Trust Customer Data Security Breach Litigation*, MDL No. 2:24-md-03127 (W.D. Tenn.) (final approval pending), Mr. Stranch successfully petitioned for centralizing in an MDL and was ultimately named interim lead counsel. Mr. Stranch then successfully negotiated a nearly $12 million settlement. In *Lewis v. Mountain View Hospital, LLC*, No. 3:24-cv-00175 (M.D. Tenn.), Mr. Stranch served as lead counsel on behalf of the more than 400,000 class members and negotiated a settlement worth up to $4.4 million. And in a recent online privacy case, *Doe et al v. HSCGP, Inc.*, No. 23C2513 (Tenn. Cir. Ct.), Mr. Stranch negotiated a settlement valued at approximately $23 million to redress alleged

---

Tennessee Counties and certain cities within those counties against Endo Health Solutions and Endo Pharmaceuticals, Inc., resulting in a default judgment against Endo for discovery violations and settling on the eve of trial for $35 million, the largest per capita payment by Endo in any Opioid settlement. *See Staubus v. Purdue Pharma LP*, No. C-41916 (Sullivan Cty. Tenn. Cir. Ct.). He was appointed to the steering committees of *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability*, No. 15-MD-02672 (N.D. Cal.) resulting in approximately $17 billion in settlements. In *In re New England Compounding Pharmacy, Inc.*, MDL No. 13-02419-RWZ (D. Mass.), he was appointed to the executive committee and in charge of all Tennessee litigation, resulting in the recovery of over $230 million in settlements. He was appointed to the executive committee in *Dahl v. Bain Capital Partners*, No. 07–12388–EFH (D. Mass.) a case that resulted in a $590.5 million settlement shortly before trial. Mr. Stranch is engaged in litigation in Massachusetts District Court on behalf of plaintiffs in *In re Telexfree Securities Litigation*, No. 4:14-md-02566-TSH (D. Mass.) (MDL involving one of history's largest pyramid and Ponzi schemes, resulting in $95 million settlement against one of the Defendants, TD Bank).

privacy violations related to disclosure of health information to Meta.

These are a small fraction of the hundreds of privacy class actions that Mr. Stranch has litigated. *See Martinez et al. v. Presbyterian Healthcare Services*, No. D-202-CV-2020-01578 (N.M. Dist. Ct.) (class of 1,047,428 individuals); *Owens v. U.S. Radiology Specialists Inc. et al.*, No. 22 CVS 17797 (N.C. Super. Ct.); *In re Goodman Campbell Brain & Spine Data Incident Litig.*, No. 49D01-2207-PL-024807 (Ind. Super. Ct.); *Monegato v. Fertility Ctrs. of Illinois, PLLC*, No. 2022 CH 00810 (Cook Cty. Cir. Ct.); *Berthold v. Norton Healthcare, Inc.*, No. 23-CI-003349 (Jeff. Cty., Ky. Cir. Ct.) (appointed co-lead interim class counsel in consolidated data breach class action impacting at least 2.5 million patients and employees); *Lurry v. Pharmerica Corp.*, No 3:23-cv-00297-RGJ (W.D. Ky.) (appointed interim lead class counsel in consolidated data breach class action); *Goodlett v. Brown-Forman*, No. 20-CI-005631 (Jefferson Cty. Ky. Cir. Ct.); *Reese v. Teen Challenge Training Ctr., Inc.*, No. 210400093 (Phil. Cty. Pa. Ct. Comm. Pl.); *Black v. Smith Transport, Inc.*, No. 2022 GM 3110 (Blair Cty. Pa. Ct. Comm. Pl.); *K.B. E. Tenn. Children's Hosp. Ass'n*, No. C2LA0081 (Tenn. Cir. Ct.); *Henck v. Squirrel Hill Health Ctr.*, No. GD-21-014637 (Pa. Ct. Comm. Pls.); *Edwards v. Concord Music Grp.*, No. 24C2675 (Tenn. Cir. Ct.); *Bauer v. BJC Health Sys.*, No. 2022-CC-09492 (Mo. Cir. Ct.); *Castaneda v. Ardagh Glass, Inc.*, No. 1:23-cv-02214 (S.D. Ind.); *O'Neal v. Quaker Window Prods.*, No. 24OS-CC-00002 (Mo. Cir. Ct.).

Given Mr. Stranch's deep experience in data breach class actions, he is easily qualified to represent the Class in this matter. For more information on the qualifications of Mr. Stranch and his team, see the Stranch, Jennings & Garvey PLLC Firm Resume, attached hereto as **Exhibit A**.

### *Jeff Ostrow of Kopelowitz Ostrow P.A.*

Jeff Ostrow is the Managing Partner of Kopelowitz Ostrow P.A. ("KO") and has been practicing law for 29 years. Mr. Ostrow established the South Florida-based firm immediately following his graduation from Nova Southeastern University in 1997 and has since grown it to

more than 30 attorneys.

Beyond managing the firm, Mr. Ostrow heads the class action department and maintains a full caseload of nationwide class actions. Although Mr. Ostrow currently only represents class plaintiffs, he has prior experience defending large companies in class actions, including banks, commercial lenders, and tech companies, which affords him a valuable perspective and advantage in litigation and settlement.

Mr. Ostrow oversees one of the largest plaintiffs dedicated privacy groups in the country. He is currently court-appointed Lead Counsel in MDLs and in federal and state courts across the country. He was Lead Counsel in MDL-3090, *In re Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-md-3090 (S.D. Fla.), appointed by Judge Rodolfo Ruiz, which involved 6 million people, and settled for $27 million.

Additional examples of data breach cases in which he serves as Co-Lead Counsel include: *In Re: AT&T Inc. Customer Data Sec. Breach Litig.*, 3:24-cv-00757 (N.D. Tex.), which settled for $177 million and is awaiting court approval; *McNally, et al. v. Infosys McAmish Sys., LLC*, 1:24-cv-00995 (N.D. Ga.), which settled for $17.5 million; *Owens v. MGM Resorts Int'l*, 2:23-cv-01480-RFB-MDC (D. Nev.), which settled for $45 million; *Harrell v. WebTPA Employer Servs. LLC*, No. 3:24-cv-01160 (N.D. Tex.), which settled for $13.75 million; *In re Berry, Dunn, McNeil & Parker Data Sec. Incident Litig.* (D. Me.), which settled for $7.25 million; *Mclean v. Signature Performance, Inc.*, No. 8:24-cv-230 (D. Neb.), which settled for $8.5 million; and *In re Oracle Data Breach Litigation*, No. 1:25-cv-01805 (W.D. Tex.).

Moreover, Mr. Ostrow was court-appointed in MDLs including *In re: Evolve Bank & Trust Customer Data Breach Litig.*, MDL No. 3127 (W.D. Tenn.), which settled for $17.0 million, as well as *In re: Snowflake, Inc., Data Breach Litig.*, MDL No. 3126 (D. Mont.); *In re: Consumer*

*Vehicle Driving Data Tracking Collection*, MDL No. 3115 (N.D. Ga.); *In re Change Healthcare, Inc. Data Breach Litig.,* MDL No. 3108 (D. Minn.); and *In re: PowerSchool Holdings, Inc. Customer Data Sec. Breach Litig.*, MDL No. 3149 (S.D. Cal.).

For about 13 years, Mr. Ostrow's firm served as Coordinating Counsel, Settlement Class Counsel, and Lead Class Counsel in *In re Checking Acct. Overdraft Litigation*, No. 1:09-MD-02036-JLK (S.D. Fla.), a large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks, and is Liaison Counsel in *In re Disposable Contact Lens Antitrust Litigation*, No. 3:15-md-2626-HES-JRK (M.D. Fla.), an antitrust class action with $85 million recovered to date. Moreover, KO is co-counsel for Broward County and the City of Fort Lauderdale in *In re: National Prescription Opiate Litigation*, No. 1:17-md-2804 (N.D. Ohio), and for the Broward and Miami-Dade County School Boards in *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.), helping clients recover $100 million and $26 million, respectively.

Federal judges have recognized Mr. Ostrow's commitment to excellence. In *Farrell v. Bank of America, N.A.*, 327 F.R.D. 422, 432 (S.D. Cal. 2018), in which Mr. Ostrow served as lead counsel on behalf of millions of people, United States District Judge James Lorenz made the following observation when granting final approval of a settlement that included a $68 million recovery and $1.2 billion in injunctive relief requiring the defendant bank to stop an enormously lucrative practice:

> Class Counsel achieved this result through tenacity and great skill. In all of their written submissions and in their presentation at the Final Approval Hearing, Class Counsel's arguments were laudably clear and precise, no small feat given the complexity of the legal questions at issue here. It is clear that substantial preparation went into all of Class Counsel's work on this case.

Similarly, when approving a $13 million settlement in which Mr. Ostrow was one of the lead counsel, United States District Judge James Lawrence King commented that "Class Counsel's

efforts in pursing and settling these consumer claims were, quite simply, outstanding." *In re Checking Account Overdraft Litig.*, 1:09-md-02036-JLK, 2013 WL 11319244, *16 (S.D. Fla. Aug. 2, 2013). In another recent case in which Mr. Ostrow was lead counsel, United States District Judge Jose Martinez noted, "Here, Class Counsel worked extensively and with a high level of skill to advance Plaintiff's claims . . . The case involved difficult factual and legal issues from a global pandemic. . . . Despite the strong defenses presented by Barry [University], Class Counsel obtained an excellent result for the Settlement Class Members." *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-JEM (S.D. Fla.), ECF No. 84 at 14.

Mr. Ostrow has worked productively with Proposed Interim Co-Lead Counsel in many other cases. He is confident that this proposed leadership structure will result in an excellent recovery for all clients and Class Members. A copy of the KO resume, which includes additional information about Mr. Ostrow and his firm is attached hereto as **Exhibit B**.

### *Mariya Weekes of Milberg PLLC*

Mariya Weekes is a partner at the international plaintiffs' class action firm Milberg, PLLC ("Milberg"). Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[2] Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court.[3] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing.  Milberg is recognized as having one of

---

[2] *See, e.g., In re Tyco International Ltd., Securities Litigation*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Insurance Co. Sales Practice Litigation*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.

[3] *See* https://milberg.com/precedent-setting-decisions/page/3/.

the most respected data privacy practice groups in the United States, having been ranked by Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024). Law360 recently highlighted Milberg's work in the privacy space. Milberg has more than 100 attorneys on staff and has offices across the United States and the European Union.

Ms. Weekes is a former Florida State Circuit Court Judge, elected to the bench by her constituents. As a Florida Circuit Court Judge, she presided over thousands of complex cases, hundreds of trials, and motions. In her capacity as a Circuit Court Judge, she served on the Circuit's appellate panels reviewing appeals from the lower trial Courts and administrative agencies. Before ascending to the bench, she practiced as a trial lawyer representing individuals and corporations in complex cases throughout the State of Florida. As a practicing attorney, she has personally tried dozens of jury trials to verdict and has participated in many significant cases. Both as a civil trial lawyer and former prosecutor, she has handled complex cases from their inception through appeal.

After stepping down from the bench, Ms. Weekes joined Milberg's Cybersecurity and Data Privacy Group, which has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. *See, e.g.*, *In Re: Hot Topic Data Breach Litigation*, No. 2:24-cv-9215-MEMF-AS (C.D. Cal.) (Ms. Weekes appointed co-lead counsel in a consolidated action involving more than 57 million customers);*In re Meta Android Privacy Litigation.*, No. 3:25-cv-04674-RFL (N.D. Ca.) (Ms. Weekes appointed as Co-Lead Counsel in a consolidated action involving millions of Google's android users); *In Re: LoanCare Data Security Breach Litig.*, No. 3:23-cv-1508-MMH-MCR (M.D. Fla.) (where Ms. Weekes was appointed co-lead counsel in a consolidated action involving more than 1.3 million consumers); *In re SitusAMC Holdings Corporation Data Breach Litigation*, No. 1:25-cv-9748 (S.D. NY) (Ms. Weekes appointed as Co-Lead counsel in a consolidated action involving over 5

15

million customers); *In Re: Berry, Dunn, McNeil & Parker Data Security Incident Litigation.*, No. 2:24-cv-00146 (D. Maine) (Ms. Weekes was appointed to the executive committee in a consolidated action involving 1.1 million consumers); *Reichbart v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-1876 (E.D. Penn.) (Ms. Weekes was appointed chair of the Plaintiffs' Executive Committee in a consolidated action involving more than 1.9 million consumers); *Morrison et al. v. Family Dollar Stores, LLC, et al.*, 0:24-cv-60294-AHS (S.D.Fl.) (Ms. Weekes was appointed as co-lead counsel in a consolidated consumer protection class action involving adulterated mediations impacting thousands of consumers across 19 States); *Javid et al. v. Finsatra Technology, Inc.*, No. 6:25-cv-1284-PGB-DCI (M.D. Fla.) (Ms. Weekes appointed Co-Lead Counsel in a consolidated action involving over 800,000 customers); *In Re ConnectonCall.com Data Breach Litigation*, Case No. 2:24-cv-08790-SJB-JMW (E.D NY) (Ms. Weekes appointed Interim Co-Lead Counsel); *Zayatz v. Akumin Operating Corp.*, Case No. 0:24-cv-62439-RS (S.D. Fl) (Ms. Weekes appointed Interim Co-Lead Counsel); *Owings v. Medusind, Inc.*, 1:25-cv-20117-RAR (S.D. Fl) (Ms. Weekes appointed interim co-lead counsel); *W. v. LivaNova USA, Inc.,* Case No. 4:24-cv-02250 (S.D. Tex.) (Ms. Weekes was appointed Interim Co-Lead Counsel); *In re Coastal Orthopedics & Sports Medicine of Southwest Florida Data Breach Litig.,* Case No. 2024-CA-1078AX (12th Judic. Circ. Ct. of Fla., Manatee Cnty) (Ms. Weekes was appointed Interim Class Counsel); *Lomedico v. MarineMax, Inc.*, Case No. 8:24-cv-1784-MSS-AEP (M.D. Fla.) (appointed joint Interim Class Counsel); *In re TRC Staffing Services, Inc. Data Breach Litig.*, Case No. 1:24-cv-02398-VMC (N.D. Ga.) (Ms. Weekes was appointed co-lead counsel); *Lepore et al v. Affiliated Dermatologists & Dermatologic Surgeons, P.A.*, Case No. MRS-L-001091-24 (Ms. Weekes was appointed Interim Class Counsel); *Owens et al v. MGM Resorts International, et al.,* Case No. 2:23-cv-01480-RFB-MDC (D. Nev.) (Ms. Weekes was appointed to

Plaintiffs' Steering Committee); *Mckinley v, Doxim, Inc*. Case No. 2:24-cv-11550-TGB-CI (E.D. Mich.) (Ms. Weekes was appointed co-lead counsel); *Cucuta v. FloridaCentral Credit Union,* Case No. 24-CA-006065 (Hillsborough County, Fl.) (Ms. Weekes was appointed co-lead counsel).; *In re: MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (where Milberg was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers).[4] Milberg's Cybersecurity and Data Privacy Group is largely responsible for developing the favorable case law that many plaintiffs rely on in the data breach space. *See e.g., Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case). For more information on the qualifications of Ms. Weekes and her team, see the Milberg PLLC Firm Resume, attached hereto as **Exhibit C**.

### 3. Proposed Interim Co-Lead Counsel Can Work, Have Worked, and Will Work Well with Opposing Counsel and other Plaintiffs' Counsel.

Proposed Interim Co-Lead Counsel are well positioned to negotiate and work with opposing counsel, as they have done in the many other cases they have engaged in, including data breach matters that have resulted in significant settlements for class members. *See, e.g.*, *Binion, et*

---

[4] *See, also Morrill v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-20955-DPG (S.D. Fla.) (where Milberg is appointed to the leadership committee in a data breach class action involving 6 million consumers); *Sherwood v. Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01495-ELR (N.D. Ga.) (where Milberg is court-appointed co-lead counsel in a data breach class action involving 4 million consumers).

*al. v. Qualderm Partners, LLC*, No. 3:26-cv-207 (M.D. Tenn. Feb. 24, 2026); *In re Integrated Oncology Network, LLC Data Breach*, No. 3:25-cv-755 (M.D. Tenn. July 7, 2025); *Nelson v. Covenant Surgical Partners, Inc., et al.*, No. 3:25-cv-751 (M.D. Tenn. July 3, 2025); *Taylor, et al. v. Nissan North America, Inc.*, No. 3:24-cv-653 (M.D. Tenn. May 28, 2024); *Lytle v. Revance Therapeutics, Inc.*, No. 23C1987 (Davidson County Cir. Ct.); *O'Leary, et al. v. Tom James Company*, No. 23-CV-52261 (Williamson County Chancery Ct.); *Hodge, et al. v. AHS Management Company, Inc.*, No. 3:23-cv-1308 (M.D. Tenn. Dec. 12, 2023); *In re HCA Healthcare Data Sec. Litig.*, No. 3:23-cv-684 (M.D. Tenn. July 12, 2023).

Moreover, Proposed Interim Co-Lead Counsel are well able to coordinate among, and work with, Plaintiffs' counsel, as is evidenced by the agreement reached among counsel to appoint Proposed Interim Co-Lead Counsel. For these reasons, the Court should recognize Plaintiffs' counsel's agreement and appoint J. Gerard Stranch, IV, Jeff Ostrow and Mariya Weekes as Interim Co-Lead Counsel.

### 4. Proposed Interim Co-Lead Counsel Has Sufficient Resources to Represent the Class in This Action.

As is evident by the numerous larger data breach class actions that Proposed Interim Co-lead Counsel have handled, their firms' possess sufficient resources to represent the putative class action in this matter. Moreover, to the extent additional resources are necessary, the other Plaintiffs' counsel will similarly provide the necessary resources to ensure this matter can be litigated to its natural conclusion.

The appointment of a formal leadership structure, in accordance with Plaintiffs' counsel's agreement, will facilitate the most efficient resolution of these cases and will further the first rule of civil procedure. Fed. R. Civ. P. 1 (explaining that the Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and

inexpensive determination of every action and proceeding"). The Court should grant Plaintiffs' motion.

### III.    CONCLUSION

For the foregoing reasons, the Court should consolidate the thirteen Related Actions in the first-filed matter—No. 3:26-CV-00791. All Related Actions present the same questions of fact and law, and stem from the same Incident. Moreover, the thirteen complaints propose effectively identical class definitions. Moreover, the Court should appoint J. Gerard Stranch, IV, of Stranch, Jennings & Garvey, PLLC, Mariya Weekes of Milberg, PLLC and Jeff Ostrow of Kopelowitz Ostrow P.A. as Interim Co-Lead Counsel, an appointment for which the various Plaintiffs' counsel have all agreed. Lastly, the Parties request that the Court enter the following schedule:

- Defendant shall have no responsive pleading deadline for any currently operative complaint.

- Plaintiffs shall have sixty days from the date of consolidation to file their consolidated class action complaint.

- Defendant shall have sixty days to Answer or otherwise respond to that complaint.

- If Defendant elects to file a motion under Federal Rule of Civil Procedure 12, Plaintiffs shall have sixty days to respond, and Defendant would have thirty days to reply.

Dated: June 25, 2026                    Respectfully Submitted,

*J. Gerard Stranch, IV*
J. Gerard Stranch, IV (TN BPR 23045)
Grayson Wells (TN BPR 039658)
John C. Roberts (TN BPR 042673)
**STRANCH, JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com

19

gwells@stranchlaw.com
jroberts@stranchlaw.com

Jeff Ostrow *(Pro Hac Vice forthcoming)*
**KOPELOWITZ OSTROW, P.A.**
One West Las Olas Blvd, Suite 500
Fort Lauderdale, FL 33301
Tel: (954) 323-4200
ostrow@kolawyers.com

Alexandra M. Honeycutt (BPR # 039617)
**MILBERG, PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: (865)-247-0080
ahoneycutt@milberg.com

Mariya Weekes *(Pro Hac Vice forthcoming)*
**MILBERG, PLLC**
333 SE 2nd Avenue, Suite 2000
Miami, FL, 33131
Tel: (786) 206-9057
Fax: (786) 879-7520
Email: mweekes@milberg.com

***Counsel for Plaintiffs and the Proposed Class***

20

## CERTIFICATE OF CONFERENCE

Pursuant to L.R. 7.01(a), I hereby certify that I have conferred with counsel for all other parties. The Defendant is unopposed to consolidation and takes no position as to interim class leadership. Plaintiffs in the Related Actions support this motion.

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV (TN BPR 23045)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed via the court's CM/ECF electronic filing system on this 25th day of June 2026 and served via electronic mail on the following:

Kathryn Walker
**BASS BERRY & SIMS PLC**
21 Platform Way South, Suite 3500
Nashville, TN 37203
kwalker@bassberry.com

***Counsel for Defendant***

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV (TN BPR 23045)