UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE XSOLIS, INC. DATA BREACH LITIGATION | ) ) ) ) ) ) ) | NO. 3:26-cv-00791<br><br>JUDGE RICHARDSON |

**ORDER**

On July 15, 2026, the Court granted the "Motion to Consolidate" (Doc. No. 8, "MTC") via an order (Doc. No. 13, "Order") that consolidated eleven separate actions under the case number 3:26-cv-00791 and named the case *In re Xsolis, Inc., Data Breach Litigation* ("Consolidated Action"). The Order set out a protocol for subsequent consolidation,[1] therein stating:

> 3. Any action subsequently filed in, transferred to, or removed to this Court that arises out of the same or similar alleged facts as the Consolidated Action shall be consolidated with the Consolidated Action for pre-trial purposes. The parties shall file a Notice of Related Action whenever a case that should be consolidated into this action is filed in, transferred to, or removed to this District.
>
> 4. If the Court determines that the case is related, the clerk shall:
> a. Place a copy of this Order in the separate file for such action;
> b. Serve on Plaintiffs' counsel in the new case a copy of this Order;
> c. Direct that this Order be served upon Defendant(s) in the new case; and
> d. Make appropriate entry in the Master Docket.

(Doc. No. 13 at 5, ¶¶ 3-4).

In a separate action, *Longoria v. Xsolis, Inc.*, Case No. 3:26-cv-00892, Plaintiffs filed first a "Notice of Related Case" (3:26-cv-00892, Doc. No. 8) on July 8, 2026, and then a "Motion to Consolidate" (3:26-cv-00892, Doc. No. 13) on October 16, 2026. In each of these filings, Plaintiffs

[1] Namely, consolidation subsequent to the July 15, 2026 entry of the Order.

purport that *Longoria* should be consolidated into the Consolidated Action. (*See* 3:26-cv-00892, Doc. No. 8 at 1 ("the [*Longoria*] litigation arises from the same transaction or occurrence as [the Consolidated Action's predecessor] and they share numerous common questions of law and fact.") and Doc. No. 13 at 1-2 ("The same reasons offered in support of [the MTC] apply with equal force here [in *Longoria*], namely, numerous questions of law and fact are common to all related cases because they stem from the same cybersecurity incident affecting Defendant Xsolis, Inc.")

Having reviewed the complaint, the "Notice of Related Case," and the "Motion to Consolidate" in *Longoria* (3:26-cv-00892, Doc. Nos. 1, 8, 13), the Court agrees that *Longoria* arises out of the same or similar alleged facts as the Consolidated Action. Furthermore, the Court discerns that Defendant does not oppose consolidation of *Longoria* and the Consolidated Action. (*See* 3:26-cv-00892, Doc. No. 13 at 3).

Accordingly, pursuant to paragraph 3 of the Order, the Clerk is **DIRECTED** to consolidate *Longoria* (Case No. 3:26-cv-00892) with the Consolidated Action for pre-trial purposes. Further, pursuant to paragraph 4 of the Consolidation Order, the Clerk is **DIRECTED** to file a copy of the Order (Doc. No. 13) in *Longoria*.[2]

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

[2] Paragraph 4 of the Order contemplates the Clerk serving a copy of the Order on the plaintiff(s) and directing service of the Order on the defendant(s) in any case filed that the Court finds arises out of the same or similar alleged facts as the Consolidated Action.

The Court discerns that directing the Clerk to file a copy of the Order in any case filed that the Court finds arises out of the same or similar alleged facts as the Consolidated Action suffices to serve the Order as to plaintiff(s) and defendant(s) in any such case.